UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARVEY L. TALBERT,<br><br>  Plaintiff,<br><br>  v.<br><br>CR BARD INCORPORATED, BARD PERIPHERAL VASCULAR INCORPORATED,<br><br>  Defendants. | CASE NO. C19-1468 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER |

This matter is before the Court on Plaintiff's Motion to Amend Scheduling Order. Dkt. #28. Plaintiff seeks to alter the existing scheduling order so he may "speak with and/or depose the physician who removed the defective [vascular] filter" at issue in this case. *Id.* at 2. Defendant opposes the request. Dkt. #29. Plaintiff has not replied to Defendant's opposition. Having considered the matter, the Court denies Plaintiff's motion.

This matter began in multidistrict litigation proceedings before the U.S. District Court for the District of Arizona. Dkt. #19 at 2. Following common fact and expert discovery, the matter was transferred to this Court on August 20, 2019. *Id.* Because case specific discovery remained, the parties jointly asked that the Court enter a scheduling order and provided specific deadlines for "case-specific discovery, case-specific dispositive motions and case-specific *Daubert*

ORDER – 1

motions (if any)." *Id.* at 3; Dkt. #17-1 at 1–4. The Court entered the requested scheduling order on December 3, 2019. Dkt. #19. In July 2020, and in light of the COVID-19 pandemic, the parties jointly sought an amended scheduling order as they had only been able to depose one fact witness. Dkt. #24 at 1. The parties indicated that they were "continuing their efforts to coordinate the depositions of additional fact witnesses, including treating physicians, and" requested that the scheduling order be condensed to allow additional time for fact discovery without altering the deadlines for *Daubert* motions or the trial date. *Id.* at 1–2. Of particular relevance to this motion, the Court extended the fact discovery deadline to September 10, 2020 and the Plaintiff's expert report deadline to September 21, 2020.

The Court may alter a scheduling order "only for good cause." FED. R. CIV. P. 16. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing FED. R. CIV. P. 16 Advisory Committee's Notes (1983 Amendment)). The Court's local rules similarly note the need for parties to proceed with diligence. *See* Local Rules W.D. Wash. LCR 16(b)(6) ("The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

Plaintiff filed his motion on September 21, 2020, after the fact discovery deadline had expired and the day on which the expert report deadline expired. Dkt. #28. Sidestepping diligence, Plaintiff cast his motion as one seeking relief from the unexpired expert report deadline instead of one seeking relief from the expired fact discovery deadline. *Id.* at 2 ("to properly disclose case specific experts, Plaintiff needs to speak with and/or depose the physician who

ORDER – 2

removed the defective filter"); *c.f.* FED. R. CIV. P. 6(b)(1)(B) (court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect"). But Plaintiff is seeking facts from the treating physician—regardless of how the Plaintiff intends to utilize them—and the Court is not convinced that Plaintiff has acted diligently in securing the treating physician's testimony.

Plaintiff indicates only that he made repeated efforts to communicate with the physician but that he "has been unable to secure [the physician's] agreement to appear at deposition or speak with the witness by telephone." Dkt. #28 at 2. This wholly discounts Plaintiff's ability to subpoena witnesses. FED. R. CIV. P. 45. Plaintiff's efforts also do not appear diligent as the parties were before the Court in July and sought to extend the fact discovery deadline for only two months. Dkt. #24. At that time, Plaintiff must have been aware of the limited time available for fact discovery and the difficulties of pursing discovery in light of the COVID-19 pandemic. Yet Plaintiff took no precautions to assure that he could complete fact discovery within the time requested by the parties and allowed by the Court.

Plaintiff also fails to explain why he was unable to bring this motion prior to the expiration of the parties' requested fact discovery deadline. In this regard, Plaintiff provides an overly generalized explanation that his counsel's "mother was recently diagnosed with two forms of advance stage cancer and has required 24 hour supervision while recovering from post-operative complications and due to the effects of the cancers." Dkt. #28 at 3. The Court is certainly sympathetic, but Plaintiff does not provide any indication of when this occurred relative to communications with the treating physician, the fact discovery deadline, or the filing of this motion. Additionally, the explanation wholly ignores that multiple attorneys have appeared for Plaintiff in this action.

ORDER – 3

Accordingly, having considered Plaintiff's motion, the briefing, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Amend Scheduling Order (Dkt. #28) is DENIED.

Dated this 6th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4